UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23931-CIV-HOEVELER

LAZARO MACIAS,

      Plaintiff,

v.

ATLANTIC BUILDERS GROUP, INC.,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon the Defendant's Motion to Dismiss, filed on December 30, 2011. Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### I.      BACKGROUND

Plaintiff Lazaro Macias filed a Complaint against Defendant Atlantic Builders Group Inc. on November 1, 2011, alleging a violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), and a supplemental claim for violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq.

According to the Complaint, Macias was employed by Atlantic from October 2007 through June 2010, during which he maintained a solid job performance and regularly was rated satisfactory or above. On June 15, 2010, Macias had a stroke while at work and was in the hospital for one week. Subsequently, Macias requested FMLA leave for his medical condition, but was denied. When Macias attempted to return to work on June 23, 2010, he was terminated.

Atlantic is challenging the subject-matter jurisdiction of this court, arguing that Macias cannot claim protection under FMLA without "eligible employee" status. Atlantic alleges that they do not qualify as an "employer" because they have had less than 50 employees; as proof, Atlantic has submitted an affidavit with payroll reports from November 2010 through December 2011.

Macias has responded in opposition to the motion to dismiss, arguing that Atlantic's argument is based on matters outside of the pleadings. Macias argues that if this Court does not exclude the affidavit submitted by the defendant, then the defendant's motion must be treated as a motion for summary judgment. Also, Macias argues that because Atlantic's motion raises factual allegations that are an element of Macias' case, Macias requires discovery to rebut the facts and should be granted sufficient time complete said discovery.

## II.    DISCUSSION

According to FMLA regulations, 29 U.S.C. § 2601, et seq., employees must have worked for an employer for at least twelve months and have worked a minimum of 1,250 hours during the previous 12-month period in order to be eligible. 29 U.S.C. § 2611(2)(A). Only employers who are engaged in commerce and employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year are required to adhere to the FMLA regulations. 29 U.S.C. § 2611(4). Employee eligibility for FMLA protections is determined based on the immediate 12-month period preceding the date of the FMLA leave request; employer eligibility is decided based on the current or preceding calendar year to the date of leave request. 29 U.S.C. § 2611(2)(A); 29 U.S.C. § 2611(4). Atlantic's eligibility should be decided based on either the number of persons employed from the current year of June 2009 through June of 2010 or the number employed in the preceding year (all of 2009). As the payroll reports provided were not from that time and therefore are of limited value.

An action to recover damages or equitable relief for violation of the FMLA may be maintained against any employer, in any Federal or State court of competent jurisdiction, by any eligible employee. 29 U.S.C. § 2617(2). The elements of the plaintiff's claim are (1) an employer (2) violated the FMLA (3) affecting an eligible employee, i.e. Macias will have to offer proof Atlantic has employer status pursuant to the FMLA standard.

The Eleventh Circuit has evolved in their decisions regarding whether employer status should be decided on a purely jurisdictional basis. The earliest case that is currently upheld, Garcia, decided if an argument against subject-matter jurisdiction can be construed as challenging facts of the plaintiff's claim, the court should notify the parties and convert the motion to a motion for summary judgment. Employer status under the ADEA is a question of fact. Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F. 3d 1256 (11th Cir. 1997).

2

After its ruling on <u>Garcia</u>, the Eleventh Circuit ruled on another case, holding that the question of whether multiple corporations can be combined to reach employer status is an argument that on its face only concerns jurisdiction. <u>Scarfo v. Ginsberg</u>, 175 F. 3d 957 (11th Cir. 1999). The Court of Appeals also has held that "eligible employee" status under the FMLA cannot be decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) because it is challenging the merits of the plaintiff's claim. <u>Morrison v. Amway Corp.</u>, 323 F. 3d 920 (11th Cir. 2003).

In <u>Morrison</u>, the Eleventh Circuit acknowledged the direct conflict between <u>Scarfo</u> and <u>Garcia</u>, holding that "[a] prior panel decision of this Court is binding on subsequent panels and can be overturned only by the Court sitting *en banc*." <u>Id</u> at 929 (quoting <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206 (11th Cir. 1981)). In order to respect and preserve precedent, the court held when facing an intra-circuit split, a panel should adhere to the earliest case in the line of authority. <u>Id</u>. <u>Garcia </u>is the earliest case in the line of authority that addressed employee and employer status under the FMLA, holding status is a question of fact that cannot be dismissed for lack of subject-matter jurisdiction. Based on the above, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss for lack of subject-matter jurisdiction is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this *11* day of July 2012.

**WILLIAM M. HOEVELER**
**SENIOR UNITED STATES DISTRICT JUDGE**

copies: counsel of record

3